People v Bey (2026 NY Slip Op 50069(U))

[*1]

People v Bey

2026 NY Slip Op 50069(U)

Decided on January 20, 2026

Criminal Court Of The City Of New York, Queens County

Tubridy, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 20, 2026
Criminal Court of the City of New York, Queens County

The People of the State of New York,

againstAbdus Bey, Defendant.

Docket No. CR-027454-25QN

For Defendant: Justyna Mielczarek, Esq.For the People: Assistant District Attorney Bianca Valenti

Jennifer A. Tubridy, J.

Motion by defendant Abdus Bey (hereinafter "defendant") to dismiss the accusatory instrument pursuant to Criminal Procedure Law §§ 30.30, 170.30, 245.20, 245.50. 
For the reasons that follow, defendant's motion to dismiss the information on speedy-trial grounds is DISMISSED, and defendant is granted leave to re-file subject to the orders contained within the court's decision.[FN1]
Introduction And Procedural BackgroundThe People allege that on July 14, 2024, at a location in the County of Queens, defendant punched the complainant multiple times while both individuals were in a New York City subway car. The complainant fell to the floor, and defendant kicked the complainant multiple times. Defendant's actions caused the complainant annoyance and alarm. The complainant suffered substantial pain, bruising, and swelling.
For this conduct, the People filed a misdemeanor complaint on July 25, 2025, charging defendant with assault in the third degree (Penal Law § 120.00[1]]), and harassment in the second degree (Penal Law § 240.26[1]). 
On October 20, 2025, the People filed a Certificate of Compliance (hereinafter "COC") with their discovery obligations pursuant to Article 245 of the Criminal Procedure Law (hereinafter "C.P.L."). On October 24, 2025, the People filed a Supplemental Certificate of Compliance (hereinafter "SCOC").
On November 18, 2025, defendant sought an extension of time in which to challenge, by motion, the COC. See Court Decision dated November 26, 2025 (unpublished).
On November 24, 2025, defendant sent an email to the People requesting conferral over allegedly missing discovery material. 
On November 25, 2025, the court heard oral argument on defendant's extension request. See Court Decision dated November 26, 2025 (unpublished). On the same day, on or about [*2]11:15 p.m., well after court was adjourned, defendant filed the instant motion to dismiss.
On November 26, 2025, the court accepted defendant's motion and deemed it timely filed. See Court Decision dated November 26, 2025 (unpublished). The People oppose the motion, and this decision follows. 

 I.The Speedy-Trial Claim.
Defendant contends that the October 20, 2025, COC and October 24, 2025, SCOC are illusory because the People failed to exercise due diligence sufficient to stop the speedy-trial clock before filing these documents. Defendant enumerates numerous documents either not disclosed, or disclosed belatedly, that reflect that the People have failed to exercise diligence.
The People respond that (1) defendant's motion should be dismissed for failure to confer prior to filing the motion; and (2) on the merits, the motion to dismiss should be denied. The People are correct that defendant's motion should be dismissed for failure to confer. Under the circumstances presented here, the court declines to reach the merits until sufficient conferral takes places and, despite the parties' conference, a motion remains a necessary procedural step during the pendency of this case.
"In 2019, the legislature adopted significant reforms that repealed CPL article 240, enacted CPL article 245 in its place, and amended CPL 30.30, the speedy trial provision." People v. Bay, 41 NY3d 200, 208 (2023). Those statutes were subsequently amended. Under the current version, Article 245 of the Criminal Procedure Law requires the People "shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test the following material and information in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (C.P.L. § 245.20[1]) and provides a non-exhaustive list of materials subject to "automatic" disclosure. C.P.L. § 245.20(1). 
The Legislature also enacted a "compliance mechanism" to ensure adherence to the new automatic disclosure scheme. People v. Bay, 41 NY3d at 209. That mechanism lies in C.P.L. § 245.50, which requires that the People file a COC stating that they have "exercised due diligence and acted in good faith in making reasonable inquiries and efforts to obtain and provide the discovery required by subdivision one of section 245.20 of this article." C.P.L. § 245.50(1). The COC filing requirement is no mere ministerial task, however, because the Legislature "tethered" (People v. Bay, 41 NY3d at 209) this obligation to Penal Law section 30.30—the speedy trial statute. To comply with the speedy-trial statute and state ready for trial, the People are required to provide their COC within the time necessary to bring a case to the point that it can be tried. See C.P.L. § 245.50(3) ("the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a valid certificate pursuant to subdivision one of this section"). In addition to filing a COC, the People must also certify that all counts in the accusatory instrument meet the facial sufficiency requirements of C.P.L. §§ 100.15 and 100.40, and that all counts not meeting those requirements have been dismissed. C.P.L. § 30.30(5-a).
Defendant is permitted to challenge the validity of the People's COC as not complying with these statutory requirements. Under the predecessor statute, C.P.L. § 245.50(4)(b), a challenge to the validity of the COC was due "as soon as practicable." C.P.L. § 245.50(4)(b) (McKinney 2024); see People v. Seymour, 84 Misc 3d 23 (App. Term., 9th and 10th Judicial [*3]Dists. 2024). The current statute provides that any challenge to a COC must be made "within thirty-five days of the service of the certificate provided that the prosecution has filed an indictment or information prior to filing the certificate of compliance." C.P.L. § 245.50(4)(c). Additionally, the moving party must have conferred with the non-movant prior to filing the motion, and affirmed that such a conference took place. Id. (emphasis supplied). Notably, the Legislature provided that, for cases pending at the time of the enactment of the legislation, "[a]ny timeframes provided in this act regarding the time limitation to challenge a certificate of compliance shall run from the effective date of this act." 2025 Sess. Law News of NY Ch. 56 (S. 3006-C), Part LL, § 8.
Applying this framework, defendant's motion is dismissed for failure to comply with the conferral requirement. See C.P.L. § 245.50(4)(c). Here, there is no evidence of a completed conferral prior to the filing of this motion. Defendant initially sought an extension to file a motion on November 18, 2025. Neither party avers that conferral took place before this request. Rather, defendant's first effort to confer took place on November 24, 2025, in an email sent one day before oral argument on defendant's extension request to file a motion. 
The People note, and the court accepts, that such a belated effort to confer has left the People with "no time to respond or reach an accommodation." Indeed, defendant's sole concern was an extension of time to file the motion, not with an effort to confer with the People prior to making the motion, as the statutory scheme contemplates. Moreover, there is every indication from defendant's filing that a conference would have resolved this discovery dispute or, at the least, narrowed its focus for simple resolution before the motion court. Indeed, defendant has itemized the list of items not disclosed, or disclosed belatedly. In these circumstances, the parties could easily have addressed these items systematically and determined if such documents even exist, let alone whether they would be subject to automatic disclosure. This would have obviated the need for motion practice. 
In these circumstances, defendant's motion is dismissed on this procedural ground. See C.P.L. § 245.50(4)(c); People v. Whitney, 2025 WL 3265396, at *4 (Crim. Ct., Bronx County, Nov. 21, 2025) ("This last-minute conferral, raising over 31 varied items of discovery a week before the COC challenge deadline, was clearly untimely, thwarting the informal resolution of discovery issues that the statute encourages."); see also People v. Galindo, 38 NY3d 199, 203 (2022) ("the plain meaning of the statutory text is the best evidence of legislative intent") (quotation marks and citations omitted). 
The court notes that dismissal of the instant motion fails to resolve the discovery dispute on the merits, which is plainly not a preferred use of judicial resources. To ensure prompt resolution, and to effectuate the will of the legislature, the court orders the parties to confer over each piece of alleged discovery itemized in defendant's motion within two weeks of the date of the court's decision. In the event that, even after court-ordered conferencing, the parties remain unable to settle this dispute, defendant is granted leave to file an additional motion to dismiss on speedy-trial grounds related to discovery—no later than one week after the conclusion of any such conferencing.

CONCLUSION
Based on the foregoing, it is hereby:
ORDERED, that the defendant's motion to dismiss the information pursuant to C.P.L. §§ 30.30, 170.30, 245.20, 245.50 is DISMISSED; and it is further
ORDERED, that the parties shall confer, within two weeks from the date of the court's decision, regarding the itemized list of items contained in defendant's motion. 
This constitutes the Decision and Order of the Court.
Dated: January 20, 2026Kew Gardens, New YorkHON. JENNIFER A. TUBRIDYJudge of the Criminal Court

Footnotes

Footnote 1:Decision edited for publication.