People v Benali (2026 NY Slip Op 50265(U))

[*1]

People v Benali

2026 NY Slip Op 50265(U)

Decided on March 6, 2026

Criminal Court Of The City Of New York, Kings County

Zelmanovitz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2026
Criminal Court of the City of New York, Kings County

The People of the State of New York

againstBriann Cameros Benali, Defendant.

Docket No. CR-033689-25KN

Counsel for Defendant: Elena Fast, Esq.Counsel for the People: Jennifer Breen, Esq.

Jacob Zelmanovitz, J.

Defendant in this case is charged with assault in the third degree and related charges. Defendant now moves to dismiss this action, pursuant to CPL §§ 30.30, 170.30 (1), and 245.50 (4), alleging that omissions in the People's automatic discovery production rendered their certificate of compliance ("COC") illusory. The People oppose.
As detailed below, defendant's counsel did not make timely efforts to confer with the People, as is required by CPL § 245.50 (4) (c). As a result, this motion is DENIED. Defendant may file a new motion subject to the conferral requirements set forth below.
 PROCEDURAL HISTORYOn July 14, 2025, the People filed and defendant was arraigned on the misdemeanor complaint in this matter. Defendant was charged with violating Penal Law §§ 120.00 (1), 110 and 120.00 (1), and 240.26 (1). The matter was adjourned to September 19, 2025, for the People's discovery compliance.
On August 20, 2025, the People shared initial discovery, and then on September 19, 2025, the parties appeared in Part DV1. The People were not ready at that time, and the matter was adjourned to November 5, 2025, for the People's discovery compliance.
The People served and filed a superseding instrument ("SSI") and supporting deposition on October 3,2025. They then served and filed their COC, statement of readiness ("SOR"), and notice and disclosure form ("NDF") on October 14, 2025.
On November 5, 2025, the parties appeared in Part DV1. Defendant was rearraigned on the SSI, a motion schedule was set, and the matter was adjourned to January 21, 2026, for decision.
Pursuant to the motion schedule, defendant was to serve and file their challenges to the COC on or before December 10, 2025. On December 4, 2025, defendant's counsel emailed the People to set a time to confer with regard to outstanding discovery materials. The People did not respond before December 10, and on that date, defendant's counsel served and filed the instant motion to dismiss.
On December 30, 2025, the People served and filed their opposition to the instant [*2]motion, and on January 2, 2026, defendant's counsel served and filed their reply.

TIMELINESS OF THE PEOPLE'S STATEMENT OF READINESS
The top count in this case is a misdemeanor punishable by a sentence of more than three months imprisonment. Accordingly, the People were to announce their readiness for trial within 90 days of the commencement of the action, not including any excludable periods of time. (CPL § 30.30 [1] [b] and [4].)
The People filed their SOR on October 14, 2025, which was 92 days after arraignment. However, the 90th day was October 12, 2025, a Sunday, and the 91st day was Monday, October 13, 2025, Columbus Day. Therefore, the People's SOR, filed the next day, Tuesday, October 14, 2025, was timely. (General Construction Law §§ 25 [a], 110.)

DEFENDANT'S FAILURE TO TIMELY CONFERI. Relevant Law
Discovery in criminal matters was profoundly modified in 2019 with the repeal of article 240 and enactment of article 245 of the Criminal Procedure Law. These new discovery procedures substantially expanded the People's disclosure obligations, requiring the automatic production of a broad range of materials.
Perhaps just as significant, the new discovery regime was also linked to the People's "speedy trial" obligations under CPL § 30.30. Specifically, prosecutors must now certify their discovery compliance before announcing readiness for trial (CPL § 245.50 [3]).
Originally, CPL § 245.35 empowered the court to order parties to confer prior to resorting to motion practice to solve discovery disputes. Then, by amendments to article 245 enacted in 2025, the requirement for a court order under § 245.35 was obviated, and would-be movants must now attempt to confer prior to filing a motion challenging a COC, even in the absence of any court order. The newly enacted CPL § 245.50 (4) (c) requires that:
[A]ny challenges to a certificate of compliance or supplemental certificate of compliance shall be accompanied by an affirmation by the moving party that, after the filing of the opposing party's certificate of compliance, such moving party timely conferred in good faith or timely made good faith efforts to confer with the opposing party regarding the specific and particularized matters forming the basis for such challenge, that efforts to obtain the missing discovery from the opposing party or otherwise resolve the issues raised were unsuccessful, and that no accommodation could be reachedThe 2025 amendments to article 245 also obligates defendants to file challenges within thirty-five days of service of the COC (CPL § 245.50 [4] [c]). Obviously, the conferral requirement was intended to have parties resolve discovery disputes without taxing already limited judicial resources with motion practice, or at the very least to narrow issues raised by any motions (People v Morales, 86 Misc 3d 523, 526 [Crim Ct, Kings County 2025]; People v Whitney, — Misc 3d —, 2025 NY Slip Op 25248 [Crim Ct, Bronx County, November 21 2025]). Thus, for a conferral to be "timely" under CPL § 245.50 (4) (c), the defendant must give the People sufficient time to review the issues and then respond before the thirty-five day deadline lapses.

II. Analysis
In the instant matter, defendant's counsel did not contact the People regarding discovery until December 4, 2025, almost two months after the People's COC was filed, and less than a [*3]week before their deadline to file a challenge to the COC.[FN1]
This was not "timely," as required by CPL § 245.50 (4) (c). For example, in People v Whitney, a recent Bronx Criminal Court Decision, the court (David, J.) declined to set a strict timeline, but noted that "initial attempts at conferral two to three weeks after the filing of a COC are clearly timely, whereas initial attempts at conferral within a week of the 35-day deadline are generally not" (— Misc 3d —, 2025 NY Slip Op 25248, *4 [Crim Ct, Bronx County, November 21 2025]; see also People v Bey, 88 Misc 3d 1210 [A], 2026 NY Slip Op 50069 [U] [Crim Ct, Queens County 2026, Tubridy, J.]). The guidelines given in Whitney appear to be eminently reasonable for the matter at hand, particularly given the extra time that defendant was afforded, and the conferral attempt made here, less than a week before the motion deadline, was not timely.
Furthermore, defendant's counsel's behavior here does not appear to be driven by good faith or any genuine wish to pursue missing discovery. Rather, defendant appears to be employing the previously decried tactic of strategically lying in wait, then raising discovery issues at a point that is too late for the People to remedy, all in order to gain an advantage in speedy trial calculations (see e.g. Morales, 86 Misc 3d at 526). The conferral obligations of article 245 were intended, at least in part, to forestall such gamesmanship.
Accordingly, for having attempted to evade the conferral requirements of CPL § 245.50 (4) (c), the defendant is deemed to have waived their right to challenge the COC and the validity of the SOR at this point in time.

III. Remedy
Denial of this motion does not resolve the discovery dispute on its merits.[FN2]
Therefore, pursuant to CPL § 245.35, the parties are ordered to confer regarding each item of alleged outstanding discovery materials that were itemized in defendant's motion, within two weeks of the date of this decision.
If the parties are unable to settle this dispute, defendant may file a new motion to dismiss on speedy-trial grounds related to discovery material that remains outstanding at that point in time. Any such motion must be served and filed no later than one week after the conclusion of the parties' conferrals. Furthermore, such a motion must include an affirmation detailing the parties' efforts to resolve the matter by conferring.

CONCLUSION
Defendant's motion to invalidate the COC and dismiss this matter is DENIED.
It is further ORDERED that the parties shall confer regarding each item of alleged outstanding discovery materials itemized in defendant's motion, within two weeks of the date of this decision.
This constitutes the decision and order of the Court.
Dated: March 6, 2026Hon. Jacob ZelmanovitzJudge, Criminal Court

Footnotes

Footnote 1:The parties' submissions are silent on the issue, but presumably, prior to, or while setting the briefing schedule for this motion, the court extended defendant's time to move beyond the standard thirty-five days, pursuant to CPL § 245.50 (4) (c) (i).

Footnote 2:Defendant and their counsel would be well advised to avoid any future attempts to willfully 'game the system' in order to gain a tactical advantage, as that may result in the loss of constitutional rights (see CPL § 245.80 [2]).